J-S13007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HERMAN ORLANDO HELLAMS | : | |
| | : | |
| Appellant | : | No. 447 WDA 2017 |

Appeal from the Judgment of Sentence October 26, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014767-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 03, 2018**

Appellant, Herman Orlando Hellams, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial conviction of one count each of indecent assault of a person less than 13 years of age, corruption of minors, and endangering welfare of children ("EWOC").[1]  We affirm.

In its opinion, the trial court correctly set forth the facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only that the court also imposed three years of probation to follow the aggregate sentence of incarceration.

Appellant raises the following issue for our review:

  DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S]

---

[1] 18 Pa.C.S.A §§ 3126(a)(7), 6301 (a)(1)(i), 4304 (a)(1), respectively.

> POST-SENTENCE MOTION FOR A NEW TRIAL CHALLENGING THE VERDICT ON THE GROUNDS THAT IT WAS AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 2).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jill E. Rangos, we conclude Appellant's issue merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed July 31, 2017, at 1-6) (finding: jury found credible testimony of Commonwealth's witnesses; all six Commonwealth witnesses, who were sequestered, presented consistent testimony of Appellant's assault on his stepdaughter, which jury was free to believe; Appellant and Victim testified and denied any inappropriate contact; Appellant and Victim claimed each Commonwealth witness lied on stand because each witness was vindictive; court's sense of justice is not shocked by jury's verdict, as weight of evidence supported it). Accordingly, we affirm based on the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018

- 2 -

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

HERMAN HELLAMS,
Appellant


Appeal of:


HERMAN HELLAMS,
Appellant

CRIMINAL DIVISION

CC No. 201514767


**OPINION**


Honorable Jill E. Rangos
Courthouse
Room 326
436 Grant Street
Pittsburgh, PA    15219

Copies to:


Michael W. Streily
Office of the District Attorney
301 Courthouse
436 Grant Street
Pittsburgh, PA  15219

Todd Mosser
211 North 13th Street
Suite 801
Philadelphia, PA   19107



# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

HERMAN HELLAMS,
    Appellant


Appeal of:


HERMAN HELLAMS,
    Appellant

CRIMINAL DIVISION

CC No. 201514767

## OPINION

**RANGOS, J.**                                                                              **July 31, 2017**

On July 28, 2016, a jury found Appellant guilty of one count each of Indecent Assault Person

Less than 13 Years of Age, Corruption of Minors, and Endangering Welfare of Children ("EWOC").[1]

On October 26, 2016, this Court imposed an aggregate sentence of five to ten years of incarceration.

Appellant's Post Sentence Motion was denied on March 10, 2017. Appellant filed a Notice of Appeal

on March 14, 2017 and a Concise Statement of Errors Complained of on Appeal on April 11, 2017.


## MATTERS COMPLAINED OF ON APPEAL

Appellant alleges one error on appeal. Appellant alleges that all of the verdicts were against

the weight of the evidence. (Concise Statement of Errors Complained of on Appeal at 2-4).

---

[1] 18 Pa.C.S. §§ 3126 (a) (7), 6301 (a) (1) (i), and 4304 (a) (1), respectively.

## SUMARY OF THE EVIDENCE

Cassondra Johnston, a nurse at Allegheny Valley Hospital, testified that on November 13, 2013, she was on duty between 7 p.m. and 7 a.m. (Transcript of Jury Trial on July 26, 2016 to July 28, 2016, hereinafter TT at 36). She testified that she was the first person to interact with A.B., a minor patient who had been brought to the hospital after she had run away from a group home. (TT 37) She testified that Appellant, A.B's stepfather, called the hospital and insisted that the child receive no medical treatment until he arrived. (TT 39) When Appellant arrived at the hospital, he told A.B. to put on her jacket and told staff several times that they were leaving. (TT 40-41) Appellant and the child's mother left the hospital when staff from the group home arrived. (TT 41) A.B. was moved to an observation room with cameras while the paperwork for an involuntary psychiatric hospitalization was being completed. (TT 41-42) Appellant and the child's mother returned to the hospital. Mother was permitted to go into the room with A.B., but Appellant was not because of his earlier conduct and because he was not the biological parent of A.B.

Johnston further testified that Sarah Stempkoski, a physician's assistant who was watching the monitor in A.B.'s room, called Johnston over and said she thought something inappropriate was happening. (TT 46) Johnston testified that on the monitor she observed Appellant standing beside A.B.'s bed. A.B. was lying on her right side with her knees slightly bent up. *Id.* Appellant had his left arm "about elbow deep, under the blanket about hip level." *Id.* Johnston observed Appellant's arm making fast back and forth movements under the blanket. *Id.* Once Johnston witnessed the movement, she called over a doctor to observe Appellant's activity. (TT 48) After the doctor observed the monitor, Johnston walked into the room. *Id.* Appellant immediately pulled his hand out. *Id.* Johnston asked A.B. if everything was OK, and she said yes. Johnston then asked "[W]hat is going on in here?" *Id.* Appellant responded, "[N]othing. Everything is Fine." *Id.* Appellant was asked to step out of the room so that A.B. could be interviewed. *Id.* After A.B. was informed about the video

3

feed, she responded by pulling a blanket over her head. (TT 50) A.B. then ran out of the room and whispered something to Appellant. (TT 50) A.B. and Appellant returned to the room and both started yelling. (TT 51)

Several other medical personnel testified to observations consistent with Johnston's testimony. Sarah Stempkoski testified that she was a patient care associate responsible for watching the monitors of the psychiatric patient's rooms on November 13, 2015. (TT 62) She testified that she observed on the monitor Appellant put his hand under A.B.'s blanket. (TT 64) Stempkoski saw Appellant's hand go between the child's legs, and Appellant moved his hand rapidly until the blanket fell away. (TT 65) Stempkoski testified that she could see Appellant's hand inside A.B.'s pants. (TT 65-66) Stempkoski asked the nurses nearby to look at what she was seeing on the monitors. (TT 66) Stempkoski testified that, after herself observing the monitor, one of the nurses, Cassondra Johnston, went into A.B.'s room to investigate. (TT 67) Stempkoski observed Appellant quickly remove his hand from A.B.'s pants when Johnston entered the room. *Id.*

Melissa Winfrey testified that she was a nursing student at the time of this incident. (TT 74) She was seated in the same area as Stempkoski when Stempkoski first observed Appellant's behavior on the monitor. Stempkoski called Winfrey's attention to the monitor. (TT 75) Winfrey observed Appellant with his hand down A.B.'s pants, rubbing her genital area in a vigorous, back and forth manner. (TT 76) Winfrey then informed her mentor, Audrey, of what she had observed. *Id.*

Shannon Tabor also testified that she was a student nurse in the hospital at that time and that Stempkoski also called her over to look at the monitor. (TT 82-83) Tabor observed that Appellant had his hand under the sheet vigorously rubbing A.B.'s vagina back and forth. (TT 84) Tabor added that once Appellant finished rubbing her, he smelled and then tasted his fingers. (TT 85) Tabor stated that Appellant then began to rub A.B. again. *Id.* Tabor told Dr. Taylor what she had observed. *Id.* Dr. Taylor entered the room behind Johnston. *Id.* Tabor observed on the monitor that as soon as

4

Dr. Taylor and Johnston entered the room, Appellant took his hand out from under the sheet and pretended to look at his phone. (TT 86)

Audrey McGarrity testified that she was working on November 13, 2015 as a registered nurse. (TT105) A nursing assistant called her over to look at a video monitor. *Id.* She observed on the monitor Appellant vigorously rubbing A.B. with his hand under the cover. (TT 107) She also observed Appellant quickly withdraw his hand when Johnston entered the room. (TT 108)

Dr. Jerry Taylor testified that, although he was not A.B.'s treating physician, he was called to the nurse's station to observe suspicious behavior in A.B.'s room. (TT 113) He observed on the monitor Appellant's hand under the sheet of A.B.'s bed rubbing A.B.'s groin rapidly back and forth. (TT 114) When he and Johnston entered the room, he saw Appellant withdraw his hand. (TT 115) After Appellant exited the room, Dr. Taylor told A.B. what he saw on the live feed. (TT 117) A.B. pulled the sheet over her head and refused to talk with Dr. Taylor. *Id.* A.B. got out of bed, went over to Appellant and whispered something to him. *Id.*

Detective Timothy Stetzer testified that he attempted to interview A.B., but she was uncooperative and called him an "asshole." (TT 128)

A.B. testified for the defense and denied any inappropriate contact by Appellant. (TT 149) She said that all of the witnesses were lying and vindictive. (TT 154-155)

Appellant testified in his own defense and asserted that he did not at any point touch A.B. inappropriately. (TT 182-183) He stated that the witnesses had ulterior motives for their false testimony. (TT 187)


## DISCUSSION

Appellant alleges that all of the verdicts were against the weight of the evidence. The standard for a "weight of the evidence" claim is as follows:

5

A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Cousar*, 928 A.2d 1025, 1035–36 (Pa. 2007).

The jury reasonably found credible the testimony of Commonwealth witnesses with no motive to fabricate. All six Commonwealth witnesses, who were sequestered, presented consistent testimony which the jury was free to believe. Against this evidence, Appellant and A.B. took the stand and denied any inappropriate contact, testifying that each of the Commonwealth's witnesses lied because each was vindictive. Upon further review of the evidence, this Court's sense of justice is not shocked by the jury's verdict in this case as it was not against the weight of the evidence but rather supported by it.

## CONCLUSION

For all of the above reasons, the findings and rulings of this Court should be AFFIRMED.

BY THE COURT:

_____ J.
JILL E. RANGOS

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this OPINION was mailed to the following individuals by first class mail, postage prepaid on the 31st day of July, 2017.

Michael W. Streily
Office of the District Attorney
301 Courthouse
436 Grant Street
Pittsburgh, PA 15219

Todd Mosser
211 North 13th Street
Suite 801
Philadelphia, PA 19107

James J. Robertson
Law clerk for Judge Jill E. Rangos